[ECF No. 14]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| HEATHER ALTMAN, et al., individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>CAESARS ENTERTAINMENT, INC., et al.,<br><br>                  Defendants. | Civil No. 23-2536 (KMW/EAP) |

## ORDER

This matter having been brought before the Court by Joseph J. DePalma, Esquire, counsel for Plaintiffs, for an Order allowing Christopher J. Cormier, Esquire; Spencer Cox, Esquire; Warren T. Burns, Esquire; Daniel H. Charest, Esquire; Matthew S. Tripolitsiotis, Esquire; Hannah M. Crowe, Esquire; and Quinn Burns, Esquire to appear and participate *pro hac vice*; and the Court having considered the moving papers; and there being no opposition to this application; and for good cause shown pursuant to L. Civ. R. 101.1(c), United States District Court for the District of New Jersey;

**IT IS** this **5th** day of **July 2023**;

**ORDERED** that **Christopher J. Cormier, Esquire**, a member in good standing of the Bar of the District of Columbia and the State Bars of Virginia and Colorado, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other

papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Spencer Cox, Esquire**, a member in good standing of the District of Columbia Bar and the State Bars of Virginia and Texas, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Warren T. Burns, Esquire**, a member in good standing of the Virgin Islands Bar Association and the State Bars of Texas and New York, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as

well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Daniel H. Charest, Esquire**, a member in good standing of the District of Columbia Bar; the Virgin Islands Bar Association; and the State Bars of Virginia and Texas, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Matthew S. Tripolitsiotis, Esquire**, a member in good standing of the State Bars of New York and Connecticut, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Hannah M. Crowe, Esquire**, a member in good standing of the State Bar of Texas, be permitted to appear *pro hac vice* in the above-captioned matter in the United

States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that **Quinn Burns, Esquire**, a member in good standing of the State Bar of Texas, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Joseph J. DePalma, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(2), Christopher J. Cormier, Esquire; Spencer Cox, Esquire; Warren T. Burns, Esquire; Daniel H. Charest, Esquire; Matthew S. Tripolitsiotis, Esquire; Hannah M. Crowe, Esquire; and Quinn Burns, Esquire, shall <u>each</u> pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order, enclosing with payment a completed Form PHV-15; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Christopher J. Cormier, Esquire; Spencer Cox, Esquire; Warren T. Burns, Esquire; Daniel H. Charest, Esquire; Matthew S. Tripolitsiotis, Esquire; Hannah M. Crowe, Esquire; and Quinn Burns, Esquire, shall <u>each</u> make a payment of $150.00 on admission, payable to the Clerk, United States District Court; and it is further

**ORDERED** that Christopher J. Cormier, Esquire; Spencer Cox, Esquire; Warren T. Burns, Esquire; Daniel H. Charest, Esquire; Matthew S. Tripolitsiotis, Esquire; Hannah M. Crowe, Esquire; and Quinn Burns, Esquire, shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of L. Civ. R. 103.1, *Judicial Ethics and Professional Responsibility*, and L. Civ. R. 104.1, *Discipline of Attorneys*; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Christopher J. Cormier, Esquire; Spencer Cox, Esquire; Warren T. Burns, Esquire; Daniel H. Charest, Esquire; Matthew S. Tripolitsiotis, Esquire; Hannah M. Crowe, Esquire; and Quinn Burns, Esquire, shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended.

           s/ Elizabeth A. Pascal
           ELIZABETH A. PASCAL
           United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.