UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CORNISH-ADEBIYI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CAESARS ENTERTAINMENT, INC., *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:23-CV-02536-KMW-EAP |

**ORDER APPOINTING INTERIM CLASS COUNSEL,
LIAISON COUNSEL, AND EXECUTIVE COMMITTEE COUNSEL**

**THIS MATTER** having come before the Court by way of the unopposed Motion of plaintiffs Karen Cornish-Adebiyi, Luis Santiago, Monica Blair-Smith, and Jacob Fabel (together, "Plaintiffs") seeking the interim appointment of Class Counsel, Liaison Counsel, and Executive Committee Counsel, pursuant to Federal Rule of Civil Procedure 23(g)(3)[1]; and

**THE COURT HAVING REVIEWED AND CONSIDERED** Plaintiffs' Motion (ECF No. 75–1), as well as the supporting certifications and exhibits attached thereto (ECF Nos. 75-2, 75-3); and

---

[1] Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class" prior to certification. In evaluating a request for the appointment of interim class counsel, courts generally consider the factors enumerated in Rule 23(g)(1), namely (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g)(1)(A)(i)–(iv); *see also Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-CV-864, 2017 WL 215969, at *1 (D.N.J. Jan. 18, 2017). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See Niemczyk v. Pro Custom Solar*, No. 22-247, 2024 WL 1698056, at *2 (D.N.J. Jan. 3, 2024) (quoting FED. R. CIV. P. 23(g)(1)(B)).

1

**THE COURT FINDING** that the appointment of interim counsel is appropriate[2];

**IT IS** this **20th** day of **May 2024** hereby

**ORDERED** that Plaintiffs' Motion (ECF No. 75) is **GRANTED**, **IN PART**, as follows:

A) As **INTERIM CO-LEAD CLASS COUNSEL**, the Court appoints **Christopher J. Cormier, Esq.** of Burns Charest LLP, and **Shawn L. Raymond, Esq.** of Susman Godfrey LLP. Interim Co-Lead Class Counsel shall be generally responsible for coordinating pre-trial activities on behalf of the Plaintiffs and the proposed class in this action, and shall:

   i. Determine (after such consultation with Interim Executive Committee Class Counsel and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing counsel Plaintiffs' position on all matters during pre-trial proceedings (whether by brief, oral argument, or other manner, personally or by a designee);

   ii. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Federal Rules of Civil Procedure 26, including propounding and responding to written discovery and noticing, taking, and defending depositions;

   iii. Coordinate, direct, and monitor the work of all co-counsel to ensure the efficient, orderly, non-duplicative, and cost-effective prosecution of Plaintiffs' claims;

---

[2] First, counsel have performed considerable work in identifying and investigating the potential claims in this action, including conducting industry-specific research; analyzing numerous sources of factual information; and consulting experts in economics, pricing algorithms, and the casino hotel industry. (ECF No. 75–3 at 2–5.) Second, the Court notes that counsel have accumulated extensive experience litigating class actions and multidistrict antitrust actions, and that they have also done so in various court-appointed leadership positions. A review of the attached certifications, as well as the resumes of counsel and their respective firms, demonstrate that counsel are experienced and capable of litigating the issues in this case. (ECF No. 75-2 at 4–8, 13–14, 23–39, 54–73, 77–84, 85–88, 91–109.) These same findings also satisfy the Court that counsel has the requisite degree of knowledge concerning the Sherman Act and its applications. Finally, the Court is satisfied from its oversight of this matter that proposed interim counsel have committed, and will continue to commit, the necessary resources to represent Plaintiffs and the proposed class.

    **iv.** Conduct and coordinate settlement negotiations on behalf of Plaintiffs, but not enter into any binding agreement except to the extent expressly authorized;

    **v.** Enter into stipulations with opposing counsel and any non-party counsel as necessary for the conduct of the litigation;

    **vi.** Prepare and distribute periodic status reports to parties as needed;

    **vii.** Maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel;

    **viii.** Appoint any committees to handle specific tasks or areas of responsibility as appropriate;

    **ix.** Distribute among Plaintiffs' counsel any award of attorneys' fees and expenses; and

    **x.** Perform such other duties on behalf of Plaintiffs as necessary or incidental to the proper coordination and execution of pre-trial activities or as authorized by order of this Court.[3]

**B)** As **INTERIM LIAISON CLASS COUNSEL**, the Court appoints **Mindee J. Reuben, Esq.** of Lite DePalma Greenberg & Afanador, LLC. Interim Liaison Class Counsel shall:

    **i.** Maintain and distribute to co-counsel and to Defendants' counsel an up-to-date service list; and

    **ii.** Receive and, as appropriate, distribute to co-counsel orders from this Court.

---

[3] Nothing in this Order shall be construed as relieving any *pro hac vice* counsel or their sponsoring attorneys of their respective duties and obligations concerning appearances before this Court, as provided by Local Civil Rule 101.1, or as otherwise ordered by this Court.

**C)** As **INTERIM EXECUTIVE COMMITTEE CLASS COUNSEL**, the Court appoints **William G. Caldes, Esq.** of Spector Roseman & Kodroff PC.[4] Interim Executive Committee Class Counsel shall, from time to time, consult with Interim Co-Lead Class Counsel and Interim Liaison Class Counsel in coordinating Plaintiffs' pre-trial activities and in planning for trial.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[4] In their Motion, Plaintiffs also propose that Garrett D. Blanchfield, Esq. of Reinhardt Wendorf & Blanchfield, be appointed as Interim Executive Committee Class Counsel. To date, Mr. Blanchfield has not entered his appearance on behalf of any Plaintiff in this matter and has not otherwise sought to be admitted to this Court *pro hac vice* under Local Civil Rule 101.1. Thus, to the extent Plaintiffs seek to designate Mr. Blanchfield as interim class counsel at this time, their Motion is **DENIED WITHOUT PREJUDICE**.